CLEMENTINE PARKS, Respondent, *against* AUTOMATIC BANK PUNCH COMPANY, Appellant.

(Decided February 6th, 1888.)

Defendant company, on transferring to plaintiff certain shares of its stock in payment of letters patent assigned by her, agreed "that the dividends accruing" to plaintiff on such shares of stock "shall amount to at least $219 on or before May 17th, 1886, and to the additional sum of $219, on or before May 17th, 1887." No dividend being declared by May 17th, 1886, defendant paid to plaintiff $219. A dividend of 5 per cent. was declared January 17th, 1886, and plaintiff was paid the same, amounting to $175, and also on May 17th, 1887, the difference between such dividend and $219. In July, 1887, the company declared a dividend of 3 per cent., but defendant refused to pay plaintiff any more thereof than the proportion earned after May 17th. *Held*, that dividends, unlike interest, do not "accrue" until they are declared, and that plaintiff, under the terms of her agreement, was entitled to the whole of the July dividend.

APPEAL from a judgment of the District Court in the City of New York for the First Judicial District.

The facts are stated in the opinion.

*E. B. Conovers*, for appellant.

*Milnor & Willis*, for respondent.

BOOKSTAVER, J. — On the 9th of November, 1885, plaintiff assigned to defendant certain letters patent, and received in part payment therefor, 35 shares of the capital stock of the defendant; and on the same day, defendant, as a part of the consideration, executed an instrument in writing, whereby it undertook and agreed " that the dividends accruing to the party of the second part (the plaintiff), on the said thirty-five (35) shares of stock, shall amount to at least the sum of two hundred and nineteen dollars, on or before the 17th day of May, 1886, and to the additional sum of two hundred and nineteen dollars, on or before the 17th day of May, 1887." No dividends were declared before the 17th of May, 1886, and the defendant, on the 18th of that month, paid plaintiff $219. On the 1st of January, 1887, a dividend of 5 per cent. on the stock was declared, and plaintiff received the dividend on her shares, amounting to $175; and on her demand, about May 17th, 1887, defendant paid her the further sum of $44, making the full sum of $219 paid her, according to the terms of the agreement. In July, 1887, the defendant declared a dividend of 3 per cent. on its capital stock. On plaintiff's 35 shares this would amount to $105. It, however, refused to pay her more than $25.08 on account of that dividend, claiming that she was entitled to only so much of the dividend as had accrued subsequently to the 17th of May, 1887; and that it was entitled to retain the rest because it had accrued before that day, and had been advanced to her by defendant in the former payments; and consequently, if the whole were paid to her, she would be paid twice for that portion of the last dividend derived from profits accruing between the 1st of January and the 17th of May.

It cannot be denied that this would be the effect of giving her the whole dividend declared on the 1st of July, 1887; but the question is whether such a result was not intended by the parties to the agreement.

The intention of the parties must be deduced from the phrase "dividends accruing." The meaning of the word "dividend" as used in banking, railroad, and other business associations, is that portion of the profits which is set apart, and divided by the directors or managers of the corporation among the stockholders. This separation and division is not a growth, but an act; and the dividend is said to be declared or made; interest may be said to be accruing to the principal, and the same may be predicated of profits in a business, but not of dividends; they cannot accrue until declared.

As the dividend of July, 1887, was not declared until after May 17th, 1887, it did not accrue to plaintiff's stock during the period covered by the agreement, and consequently, we think, she was entitled to the whole dividend. The parties have acted as if they so understood the agreement; for plaintiff demanded and defendant paid the difference between the dividends declared and the amount guaranteed, as dividends, in each year, without question. Had defendant intended to appropriate the profits arising from its business during the period covered by the agreement, but not declared as dividends until afterwards, in case it paid the full sum guaranteed it could have easily expressed such intention in the instrument; but the words used cannot be made to have such a construction.

The fact that the first receipt given by plaintiff described the payment then made as "advanced dividends," does not aid defendant's contention, as there is no pretense that such payment could be deducted from succeeding dividends, and no such attempt was made.

The judgment should be affirmed, with costs.

LARREMORE, Ch. J., and ALLEN, J., concurred.

Judgment affirmed, with costs.